# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>PFEIFFER, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00889-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted leave to amend. Plaintiff's first amended complaint, filed on September 1, 2022, is currently before the court for screening. (ECF No. 10.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Madera County Jail. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names as defendants: (1) Christian Pfeiffer, Warden, (2) E. Stark, Associate Warden, (3) County of Kern, (4) City of Delano, (5) D. Castillo, Correctional Officer and (6) Officer Cardenas.

Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments based on the following facts. In claim 1, Plaintiff alleges:

> "Warden Christian Pfeiffer and Associate Warden E. Stark, The County of Kern and the City of Delano let Kern Valley State Prison employees beat, abuse, torture and terrorize me and try to murder me. None of the officers were fired, arrested or disciplined. Each time I reported it nothing was done. Every incident was covered up or not dealt with properly. Officer Cardenas was witnessed telling some inmates to stab me. The witness went to the program office and told prison authorities and CDCR personal [sic]. Grievances were submitted and we did internal affairs interviews. I do not know the exact date the incident happened or what date we did the interviews because CDCR has refused to give me a copy of my central file. Also the evidence and records I did have in my possession has [sic] been illegally seized by Madera County sheriffs. The[y] also will not give them to me."

In claim 2, Plaintiff alleges:

> "These are not conclusory allegations, not only did these things happen I have witnesses and evidence but again Pfeiffer, Stack, Kern County, the City of Delano, Madera County Sheriffs, Madera County Department of Corrections and CDCR employees, staff and officials are withholding these documents, records, 602 grievances and audio recordings of witnesses backing up my claims the cited officials and supervisors are liable because I made them aware of what was going on they did not stop it. They only tried to cover it up. The plot by Cardenas was interrupted by this witness. This witnesses [sic] seen [sic] DeLacruz handcuff me for no reason and twist my arms for no reason. These people saw DeLacruz refuse to feed me, they saw DeLacruz refuse to let people push me in my wheelchair, force me to walk and make me fall down on multiple occasions. DeLacruz used harassing cell searches to steal my medicine and legal paperwork."

Plaintiff alleges these are not different claims but the same people who kept beating and abusing Plaintiff. Northcutt attacked Plaintiff the first time on March 9, 2021 and nothing was done because that is how it is done in prison and Pfeiffer lets it happen.

Plaintiff sought help daily from CDCR and prison employees and from Kern County Sheriff and Kern County District Attorney. Plaintiff alleges he is facing false criminal charges and CDCR, the Judge, the Madera County Sheriff and District Attorney are in a conspiracy. Plaintiff wants his central file turned over to him, and documents illegally seized from him. Pfeiffer, Stack, Kern County, the City of Delano, Madera County Sheriffs, Madera County Department of Corrections and CDCR employees, staff and officials are involved in a cover up and conspiracy.

In claim 3, Plaintiff alleges:

> "They saw DeLacruz tell the other inmates he turned off the phones and turned off the TV because of me. DeLacruz did this so this prisoners would jump on me. The witnesses said 'DeLacruz trying to get us on you." Officer DeLacruz gave me the F.You sign regularly. DeLacruz smashed me in the cell door purposely [sic]. These things happened regularly. I have diabetes, COPD, nerve damage in my legs, arthritis in my hands and hips, a bad disc and a bone sticking out of my spine. I have heart trouble, muscle disease. I get dizzy and fall down, at the prison I saw at least 7 or 8 different doctors and took about 30 different medicines. Everyone knew how sick I was. Officers Delacruz use to deny me medical treatment, he used to tell the nurses I was faking. Officer D. Castillo used to throw my medicines in the trash. Castillo tried to push me into a cage for no reason. Castillo on many occasions put his handcuffs on me and twisted my arms for no good reason, punching me. He would feel on me sexually rubbing me up and my body

3

> not searching me but feeling me. He also denied me medical treatment several times. Officer Northcutt hit [me] in the head at least three or four times, slammed my arm on the bars another three or four times, then twisted my arm in a chicken wing motion. He said, 'I'm going to kill you' ' you are going to be the next George Floyd.' Northcutt attack[ed]me again after that day. Both assaults were for no reason. These events happened regularly and often to me at Kern Valley State Prison. I do not have the times and dates because CDCR and Madera County Department of Corrections are tampering with and withholding evidence, my central file and legal paperwork. I told Pfeiffer, I told Stark, I wrote Stark, I sent letters to Kern County Sheriff and District Attorney  Their refusal do not stop it and makes them liable.

As remedies, Plaintiff wants U.S. Attorney assistance and FBI protection and investigations of Kern Valley State Prison. He wants those involved arrested and fined. Plaintiff seeks compensatory and punitive damages.

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure most of the deficiencies.

### A.     Federal Rule of Civil Procedure 8 and 10

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. As Plaintiff was informed, Plaintiff's allegations are conclusory and do not state forth the facts of what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's fears that certain CDCR employees are trying to set up Plaintiff are not sufficient. Conclusory allegations of events are not sufficient. For

4

instance, Plaintiff alleges Defendant Castillo denied Plaintiff medical care "several times," but fails to describe Plaintiff's serious medical condition, the need for medical care, and whether Defendant was deliberately indifferent. Plaintiff was informed that he must state factual support for each claim. Plaintiff has been unable to cure the deficiencies.

Further, alleges that Northcutt and Delacruz did certain actions to Plaintiff. However, neither Northcutt nor Delacruz are named as defendants. Fed.R.Civ.P. 10 (The title of the complaint must name all the parties.) Neither officer is named in this action as a defendant and therefore, the Court does not screen claims against these officers.

**B. Supervisory Liability**

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to allege direct participation in the alleged violations by Defendant Pfeiffer and Stark. Plaintiff has failed to allege the causal link between defendants and the claimed constitutional violation which must be specifically alleged. He does not make a sufficient showing of any personal participation, direction, or knowledge on the defendant's part regarding

any other prison officials' actions. Plaintiff's conclusory allegations that Defendants "knew" are insufficient. Plaintiff has not alleged that the Defendant personally participated in the alleged deprivations. Plaintiff has been unable to cure this deficiency.

Plaintiff fails to allege what the specific policy is and the causal link between such defendant and the claimed constitutional violation. Conclusory allegations are insufficient. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). Plaintiff has failed to allege facts demonstrating that the policy itself a repudiation of Plaintiff's Eighth Amendment rights. Plaintiff has been unable to cure this deficiency.

### C. Federal Rules of Civil Procedure 18 and 20

The Court cannot determine if the allegations violate the rules against joinder. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In Plaintiff's first amended complaint, Plaintiff appears to assert numerous instances of alleged violations of his rights. However, Plaintiff was informed that Plaintiff may not raise different claims against different defendants in a single action. Plaintiff may not, in a single case,

assert a claim related to sexual abuse and also claims about the force used by officers on different occasions and also a denial of medical care "numerous times."  A civil rights case cannot contain a litany of all alleged wrongs against a Plaintiff while Plaintiff was housed at the institution. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### D. *Monell* Liability against County of Kern and City of Delano

Plaintiff has named the County of Kern and the City of Delano as defendants.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981).

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted);

A local governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). The custom or policy of inaction must be the result of a conscious or deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for

establishing final policy with respect to the subject matter in question. *City of Canton*, 489 U.S. at 389; Oviatt, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

Plaintiff fails to state a cognizable claim.  As in the original complaint, here, the first amended complaint does not identified a policy which violated his rights and has not linked any alleged violation of his rights to a policy or practice attributable to the County of Kern or the City of Delano, nor has he provided facts to support that County of Kern, or the City of Delano knew of, and blatantly ignored, the alleged violations committed by officers at Kern Valley State Prison. The allegation that he "told' them of violations does not state a cognizable claim absent an allegation of each entity's policy of deliberate indifference. These entities are not liable merely because Kern Valley State Prison is located within their geographical boundaries. Therefore, Plaintiff has failed to state a cognizable claim against these defendants.  Plaintiff cannot cure this deficiency.

### E. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

*v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Plaintiff alleges he was abused, "tortured" and terrorized, but fails to include any factual allegations of what happened, who was involved and when it happened. Plaintiff's conclusory allegations are not sufficient.

Plaintiff alleges Castillo twisted his arm while in handcuffs. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Plaintiff has failed to allege facts that rise to a constitutional violation.

### 2. Failure to Protect

Plaintiff alleges that Cardenas tried to get some inmates to stab Plaintiff.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison

9

official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Plaintiff has sufficiently alleged that Defendant Cardenas put him in danger. Plaintiff alleges that Defendant Cardenas arranged for Plaintiff to be stabbed. Construed liberally, the Court finds that this allegation, if true, sufficiently shows that defendant Cardenas had knowledge of a risk to Plaintiff's safety.

### 3. Sexual Assault

Plaintiff alleges he was sexually assaulted.

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the

prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." Id. at 1145. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Id.*; *see Palmer v. O'Connor*, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.' ").

Plaintiff fails to state a cognizable claim.  Plaintiff alleges that Cardenas would "feel on me sexually rubbing me up and my body not searching me but feeling me."  However, the allegations imply that the touching began as a search and because a search, the Court must give deference to prison security concerns absent factual allegations of sexual connotations during the search.  Plaintiff was informed that he must allege facts but Plaintiff merely makes conclusory allegation that he was sexually touched without any factual support regarding the search.  Moreover, this claim appears to be misjoined.

### 4. Deliberate Indifference to Medical Care

Plaintiff alleges a claim for deliberate indifference to a serious medical need for throwing away his medication.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need.  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059–60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an

11

Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

Plaintiff fails to state a cognizable claim. Plaintiff fails to allege factual support of what the medication was for, whether Plaintiff had a serious medical need, and whether defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Indeed, Plaintiff adds this new claim despite being warned in the screening order that Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.

### F. Failure to Investigate

To the extent Plaintiff alleges that Defendants Pfeiffer or Stark failed to investigate Plaintiff's claims or failed to investigate properly, that is not a basis for a plausible §1983 claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim**.** See *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.")*; Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### G. Verbal Harassment

Plaintiff is advised that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even verbal threats, without more, do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987): *Puckett v. Baraona*, No. 1:21-CV-1448 BAM PC, 2022 WL 268071, at *2 (E.D. Cal. Jan. 28, 2022), report and recommendation adopted, No. 1:21-CV-01448 DAD BAMPC, 2022 WL 800988 (E.D. Cal. Mar. 16, 2022) (failure to state a claim for calling Plaintiff a "wetback.")

Plaintiff alleges he was harassed and "terrorized." Such conclusory allegations do not state a cognizable claim.

### H. Bringing Criminal Charges

Plaintiff seeks criminal charges against Defendants.

Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."); *Smith v. Cambpell*, No. 1:19-CV-00271 BAM PC, 2020 WL 4570336, at *4 (E.D. Cal. Aug. 7, 2020) (dismissing district attorneys for failure to state a claim for not criminally prosecuting Plaintiff's alleged assailants in state court.)

### I. False Reports

A false report is not a constitutional violation. Plaintiff alleges that Defendants falsified the RVRs and statements. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false medical injury report. *Sanford v. Eaton*, No. 1:20-CV-

00792 BAM(PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021)(denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). Plaintiff does not have a separate claim for false reports.

### J. Conspiracy

Plaintiff is attempting to allege a claim for conspiracy in violation of 42 U.S.C. § 1983.

A conspiracy claim brought under Section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla*., 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Med*., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not provide any specific facts showing that any of the Defendants had an agreement to violate his constitutional rights.

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff states a cognizable claim against Defendant Cardenas for violation of the Eighth Amendment for failure to protect. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other

defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 1, 2022, (ECF No. 10), against Defendant Cardenas for failure to protect in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2022**          /s/ Barbara A. McAuliffe          
                                         UNITED STATES MAGISTRATE JUDGE