# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PFEIFFER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00889-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND DENYING MOTION FOR SUBPOENA AS PREMATURE<br><br>(ECF No. 13) |

　　　　Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 19, 2022, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action proceed against Defendant Cardenas for failure to protect in violation of the Eighth Amendment. (ECF No. 11.) The Court further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (*Id.*) On September 28, 2022, Plaintiff timely filed objections to the findings and recommendations. (ECF No. 12.) The findings and recommendations, along with Plaintiff's objections, are pending before the assigned District Judge.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel and motion for a subpoena, filed November 30, 2022. (ECF No. 13.) Plaintiff requests his central file and

medical records from the California Department of Corrections and Rehabilitation. Plaintiff states that these items contain material and relevant evidence, and have direct bearing on this case. Plaintiff contends that Defendants have for years refused to give Plaintiff these items because they are attempting to hide evidence that CDCR employees beat, abused, and tried to murder Plaintiff. Plaintiff has tried numerous times to get this material, with no success. Plaintiff states that extraordinary circumstances exist, as he has four section 1983 lawsuits in federal court that have passed screening. Plaintiff requests court appointed counsel for these matters. (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are pursuing multiple cases simultaneously, with limited access to legal resources and evidence. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has screened the first amended complaint and found that Plaintiff has stated a cognizable claim, this does not indicate a

likelihood of success on the merits. In addition, those findings and recommendations have not yet been adopted by the District Judge. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Plaintiff's request for a subpoena is premature. As noted, the Court has screened the first amended complaint and found that it states a cognizable claim, but those findings and recommendations have not yet been adopted by the District Judge. If those findings and recommendations are adopted in full, this case will proceed on the cognizable claim identified and then the Court will open discovery. If Plaintiff is unable to obtain the information or evidence he needs through the normal process of serving discovery on the named defendant(s) to this action, he may renew his motion for a subpoena directed to non-party CDCR, if necessary.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for appointment of counsel, (ECF No. 13), is DENIED, without prejudice; and
2. Plaintiff's motion for a subpoena, (ECF No. 13), is DENIED, as premature.

IT IS SO ORDERED.

Dated:  **December 2, 2022**             /s/ *Barbara A. McAuliffe*             _
                                         UNITED STATES MAGISTRATE JUDGE

3