1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11     JARED ANDREW MARTIN,                    Case No.  1:22-cv-00889-JLT-BAM (PC)

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               REGARDING DISMISSAL OF ACTION FOR
13             v.                              FAILURE TO PROSECUTE

14     PFEIFFER, *et al.*,                     **FOURTEEN (14) DAY DEADLINE**

15                    Defendants.

16

17        **I.       Background**

18            Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state

19     prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C.

20     § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Cardenas

21     for failure to protect in violation of the Eighth Amendment.

22            On April 11, 2023, this case was reassigned to District Judge Jennifer L. Thurston.  (ECF

23     No. 27.)  On April 17, 2023, the Court's order reassigning the case was returned as

24     "Undeliverable, Not in Custody."  Plaintiff's notice of change of address was therefore due on or

25     before June 20, 2023.  Local Rule 183(b).

26            Plaintiff has not filed a notice of change of address or otherwise communicated with the

27     Court.

28     ///

                                        1

## II.     Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than June 20, 2023.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to update his address or communicate with the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.  The Court will therefore recommend that this action be dismissed based

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

on Plaintiff's failure to prosecute this action.

### III.    Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

3